a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSE REGELIO MEJIA-BARAHONA<br># 209-417-712,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00727<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| KRISTI NOEM,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Jose Regelio Mejia-Barahona ("Mejia-Barahona"). Mejia-Barahona is an immigration detainee at Central Louisiana ICE Processing Center in Jena, Louisiana. He challenges the legality of his continued detention.

To determine whether Mejia-Barahona may be entitled to relief, he must AMEND the Petition.

I.  Background

Mejia-Barahona alleges that he was ordered removed on August 19, 2019, and has been detained since May 13, 2024. ECF No. 1 at 4. Mejia-Barahona provides no information regarding his citizenship or nationality. He claims he should be released because he has been detained well past the presumptively reasonable period, and there is no likelihood of his removal in the reasonably foreseeable future. *Id.* at 6.

II.  <u>Law and Analysis</u>

The United States Supreme Court has held that an alien may be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). According to the Supreme Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. *Id.*, at 701. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).

Mejia-Barahona provides no allegations or evidence of an impediment to his deportation. *See Andrade*, 459 F.3d at 543 (noting that aliens must present sufficient evidence and not merely offer conclusory statements). When a petitioner comes forward with nothing more than conclusory allegations, he fails to shift the burden to the government under *Zadvydas*. *See Andrade,* 459 F.3d at 543-44.

Mejia-Barahona must amend his Petition to indicate the country to which he was ordered removed, and to allege why his removal is unlikely to occur in the reasonably foreseeable future. He should provide any documentation to support his claim.

III. <u>Conclusion</u>

Because additional information is required to state a viable claim, IT IS ORDERED that Mejia-Barahona AMEND the Petition within 30 days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Wednesday, June 11, 2025.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE