a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSE REGELIO MEJIA-BARAHONA #A209-417-712, Petitioner | CIVIL DOCKET NO. 1:25-CV-00727 SEC P |
| VERSUS | JUDGE EDWARDS |
| KRISTI NOEM, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Jose Regelio Mejia-Barahona ("Mejia-Barahona"). Mejia-Barahona is an immigration detainee at Central Louisiana ICE Processing Center in Jena, Louisiana. He challenges the legality of his continued detention.

Because Mejia-Barahona is not entitled to habeas relief, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. Background

Mejia-Barahona is a native and citizen of Honduras. ECF No. 4. He alleges that he was ordered removed on August 19, 2019, and has been detained since May 13, 2024. ECF No. 1 at 4. Mejia-Barahona asserts that he should be released because he has been detained well past the presumptively reasonable removal period, and there is no likelihood of his removal in the reasonably foreseeable future. *Id.* at 6.

## II.  Law and Analysis

The United States Supreme Court has held that an alien may be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). According to the Supreme Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. *Id.*, at 701. Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures).  The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).

Mejia-Barahona was afforded an opportunity to amend his Petition to allege why his removal is unlikely to occur in the reasonably foreseeable future and provide any documentation to support his claim.  However, he provides no allegations or evidence of an impediment to his deportation. *See Andrade*, 459 F.3d at 543 (noting that aliens must present sufficient evidence and not merely offer conclusory statements).  When a petitioner comes forward with nothing more than conclusory allegations, he fails to shift the burden to the government under *Zadvydas*.  *See Andrade,* 459 F.3d at 543-44.

2

### III. Conclusion

Because Mejia-Barahona is not entitled to habeas relief, IT IS RECOMMENDED that the Petition (ECF Nos. 1, 4) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, October 20, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE